**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ALAN G. MCCASKILL,

      Plaintiff-Appellant,

v.

TOGO D. WEST, JR., Secretary of the
Army,

      Defendant-Appellee.

No. 97-1032
(D.C. No. 95-Z-254)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

Plaintiff Alan McCaskill, a civilian employee of the Department of the Army, brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to -17, against defendant Togo West, Secretary of the Army. Plaintiff alleged various acts of racial discrimination by his employer, the Fitzsimmons Army Medical Center Fire Department, including a claim for discriminatory retaliation for filing complaints with the Equal Employment Opportunity Compliance and Complaints Review Agency of the Department of the Army (the agency).

Between February 1988 and October 1990, plaintiff filed numerous formal complaints with the agency, alleging racial discrimination and retaliation. Being dissatisfied with the proposed disposition of the agency, plaintiff requested a hearing before an administrative judge (AJ). Following a recommended disposition by the AJ, the agency issued its final decision, finding five acts of discrimination against plaintiff based on race, plus a finding that, in retaliation for filing discrimination complaints, the fire chief gave false and derogatory information to a prospective employer that plaintiff was under suspension pending investigation for theft. On five additional claims, the agency found no discrimination on the basis of plaintiff's race. The relief awarded plaintiff in the agency's decision included a letter to the prospective employer, explaining that

-2-

the information he had been given was false, but did not include an award of back pay.

Plaintiff's appeal to the Equal Employment Opportunity Commission (EEOC) was dismissed initially because plaintiff had filed a civil action in district court. The EEOC granted plaintiff's request for reinstatement of his appeal and consideration of the merits based upon the district court's dismissal of his civil action without prejudice. In addition to the acts of discrimination found by the agency, the EEOC found that plaintiff had established a prima facie case of discrimination on three additional claims. The EEOC's ordered relief also did not include an award of back pay.

Dissatisfied with the EEOC's resolution, plaintiff filed suit in federal district court. In his complaint, plaintiff appealed the EEOC's (1) denial of back pay, (2) failure to specify and define the disciplinary actions to be taken against certain Army personnel, (3) failure to specify and define the procedure for crediting plaintiff with sick and annual leave, (4) failure to order an effective training and monitoring procedure for the Fitzsimmons' fire department, (5) failure to place plaintiff in the employment situation he would have enjoyed but for the discrimination, and (6) denial of compensatory damages under the Civil Rights Act of 1991.

Defendant filed a motion to dismiss, to strike, and for summary judgment. Defendant sought to strike plaintiff's claim for compensatory damages and for a jury trial, and moved for summary judgment on plaintiff's claims for additional remedies. Plaintiff filed a motion for partial summary judgment alleging entitlement to back pay as a matter of law. In a cross-motion for partial summary judgment, defendant averred that plaintiff was not entitled to back pay for a private sector job he never received. Defendant argued that an award of this kind would be compensatory in nature and therefore, unavailable under Title VII.

Following a hearing on the parties' various motions, the district court granted defendant's motion to dismiss and strike, dismissing plaintiff's claims under the Civil Rights Act of 1991, and denying plaintiff's request for back pay. The court also granted defendant's cross motion for summary judgment on the issue of back pay and denied plaintiff's motion for partial summary judgment.

In its bench ruling on the motions, the district court stated agreement with defendant on the issue of back pay. The court determined that the evidence was not clear that plaintiff was either the only or the strongest applicant for the private sector job. The court concluded that plaintiff was really requesting compensatory damages, which were not available under Title VII. Noting that defendant had obviously been wronged, and that some remedy was in order, the court requested that the respective attorneys attempt to fashion an acceptable

-4-

remedy. The court suggested a final settlement conference for the purpose of attempting to agree on appropriate remedies.

Attempts at settlement were apparently unsuccessful. Following a two-day trial to the court, the court entered judgment incorporating its oral findings of fact and conclusions of law. The court ordered defendant to implement various training, monitoring, and reporting procedures. The court ordered that plaintiff be given credit for lost sick and annual leave hours and be paid for 147 hours of leave without pay. Finally, the court entered a judgment in favor of plaintiff for $794.70, and ordered plaintiff to submit a motion and affidavit for attorney fees and a bill of costs.

The only issue before this court on appeal is the district court's ruling, following the motions hearing, that plaintiff was not entitled to back pay. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

II.

The remedial purpose of Title VII is to make plaintiffs whole for injuries they received due to unlawful employment discrimination. See Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975). Title VII clearly states the equitable remedies available to plaintiff.

> If the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice charged

in the complaint, the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay (payable by the employer, employment agency, or labor organization, as the case may be, responsible for the unlawful employment practice), or any other equitable relief as the court deems appropriate. Back pay liability shall not accrue from a date more than two years prior to the filing of a charge with the Commission.

42 U.S.C. § 2000e-5(g).[1] The Supreme Court has held that back pay is equitable in nature, and is an integral component of the Title VII scheme. Albemarle, 422 U.S. at 415-18. While the court's decision whether to award back pay is discretionary, "its judgment is to be guided by sound legal principles," see id. at 416 (quotation omitted), and its "decision must . . . be measured against the purposes which inform Title VII," id. at 417.

"[G]iven a finding of unlawful discrimination, backpay should be denied only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination . . . ." Id. at 421. Here, the district court concluded that a back pay award to plaintiff, who was at the time still employed by defendant, for the loss of a private sector job he applied for and

---

[1]    Plaintiff does not appeal the district court's determination that the provisions for compensatory damages allowable in the Civil Rights Act of 1991 cannot be retroactively applied here. See Landgraf v. USI Film Prods., 511 U.S. 244, 247 (1994) (holding that the compensatory damages provisions in the 1991 Civil Rights Act do not apply to cases filed before its effective date), accord Berry v. Stevinson Chevrolet, 74 F.3d 980, 988 (1996).

did not get, possibly due to a tainted reference, would be in the nature of impermissible compensatory damages. We agree.

In Berry v. Stevinson Chevrolet, 74 F.3d 980, 987-89 (1996), this court reversed an award of compensatory damages to a plaintiff following a finding of retaliation in the form of malicious prosecution. We acknowledged that, while not as direct, retaliatory prosecution, like "providing a tainted employment reference," adversely affects a plaintiff's "future employment prospects." Id. at 986. Similar to the situation here, in Berry, the discriminatory acts took place prior to the 1991 amendments to the Civil Rights Act, and the traditional Title VII remedies of restatement and back pay were not available. See id. at 988. In reversing the plaintiff's compensatory damages award, we rejected the district court's rationale based on Franklin v. Gwinnett County Pub. Sch., 503 U.S. 60, 66 (1992), that the federal court could fashion any available remedy to make a injured plaintiff whole. See Berry, 74 F.3d at 988. The rationale in Berry, is applicable here.

The district court awarded plaintiff a panoply of remedies within the Title VII remedial scheme. While recognizing that the available statutory remedies do not compensate plaintiff as fully as he would wish, we agree with the district court that it cannot disguise compensatory damages in the cloak of back pay in order to compensate plaintiff further. Therefore, we determine no clear error or

abuse of discretion in the district court's decision to deny back pay "in light of the circumstances peculiar to the case." See Albemarle, 422 U.S. at 424.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge